**Ismael Ayoub PUTROS, Petitioner**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74091.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2008.

Filed April 25, 2008.

---

Douglas D. Nelson, Esq., San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James P. Hanlon, U.S. Attorney, Indianapolis, IN, for Respondent.

Before: B. FLETCHER, FRIEDMAN *, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Ismael Ayoub Putros, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' (BIA) decision denying asylum and withholding of removal. He does not appeal the BIA's decision that he is ineligible for relief under the Convention Against Torture. Putros asserts persecution on account of his Chaldean race, religion, and anti-Baath political opinion. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review in part and remand.

Where, as here, the BIA adopts the decision of the IJ as its own, we review the decision of the IJ. *See Tapia v. Gonzales,* 430 F.3d 997, 999 (9th Cir.2005). The IJ made no specific credibility determination. Instead, the IJ assumed past persecution and denied Putros relief on the ground that fundamentally changed country conditions in Iraq—namely the fall of the Hussein regime and the Baath Party—renders his fear of future persecution no longer

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

objectively reasonable. Assuming past persecution, we hold that the general evidence of changed country conditions presented by the government is insufficient to rebut the presumption of Putros' well-founded fear of future persecution.

Because the IJ has not yet considered Putros' claim of past persecution, we remand both his asylum and withholding of removal claim to the BIA to consider them in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). If the BIA finds past persecution, it then must properly determine whether the government can make an individualized showing by a preponderance of the evidence that country conditions in Iraq have changed. *See Hanna v. Keisler,* 506 F.3d 933 (9th Cir. 2007).

**Petition for review GRANTED IN PART and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.